**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CURTIS L. MURRAY, JR.,

     Plaintiff - Appellant,

v.

THE CITY OF TAHLEQUAH,
OKLAHOMA, d/b/a Tahlequah Police
Department; BOARD OF
COMMISSIONERS OF CHEROKEE
COUNTY, OKLAHOMA, a/k/a Cherokee
County Board of Commissioners

     Defendants - Appellees,

and

SURETY COMPANY(S); STATE OF
OKLAHOMA, d/b/a District Attorney for
Cherokee County,

     Defendants.

No. 01-7074

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 99-CV-522-S)

---

Submitted on the briefs:

Curtis L. Murray, Jr., pro se.

James L. Gibbs, II and Robert E. Applegate, of Collins, Zorn, Wagner & Gibbs, P.C.,
Oklahoma City, Oklahoma, for Defendant-Appellee Cherokee County, Oklahoma.

Betty Outhier Williams, of Gage and Williams Law Firm, Muskogee, Oklahoma, for Defendant-Appellee The City of Tahlequah, Oklahoma.

---

Before **MURPHY**, **ANDERSON**, and **BALDOCK**, Circuit Judges.[*]

---

**BALDOCK**, Circuit Judge.

---

Pro Se Plaintiff Curtis L. Murray appeals a district court order granting Defendants' summary judgment motions. See Fed. R. Civ. P. 56. Defendants City of Tahlequah and Cherokee County Board of Commissioners filed separate summary judgment motions. After Murray failed to file a timely response to either motion, the district court granted the motions pursuant to Eastern District of Oklahoma Local Rule 7.1(B). Local Rule 7.1(B) provides that failure to file a response within fifteen days "will constitute a waiver of any objection by the noncomplying party, and . . . will constitute a confession of the matters raised by the pleadings." Murray asserts the district court erred in granting summary judgment pursuant to a local rule without making the summary judgment determinations required by Fed. R. Civ. Proc. 56(c). This Court has jurisdiction

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). This case is therefore submitted without oral argument.

pursuant to 28 U.S.C. § 1291.[1]   We reverse and remand with instructions.

## I.

Murray filed the original cause of action on September 29, 1999.  In his complaint, Murray brought claims pursuant to 42 U.S.C. §§ 1983 and 1985, as well as several state tort claims.  Murray's claims arise from his arrest on July 28, 1997, and include claims of unlawful search and seizure, denial of counsel, cruel and unusual punishment, conspiracy, malicious prosecution, slander per se, retaliation, race harassment, race discrimination, intentional infliction of emotional distress, and false arrest and imprisonment.  The complaint seeks "actual damages" in the amount of $160 million as well as punitive damages.

On October 28, 1999, the district court dismissed Murray's case for failure to attend the Status and Scheduling Conference.  Murray appealed.  This Court vacated the district court order and remanded with instructions to reinstate the case.  Murray then filed a motion to recuse District Judge Frank Seay.  On December 7, 2000, the district

---

[1] Defendants assert this Court is without jurisdiction because Murray's appeal was not timely.  The district court entered a minute order granting Defendants' motions for summary judgment on May 16, 2001.  Murray filed his notice of appeal on June 18, 2001.  The May 16, 2001 minute order was not a final order under Fed. R. Civ. P. 54(b).  The order granted summary judgment in favor of two Defendants but did not enter a final judgment concerning the remaining Defendants.  A judgment is not final, and the 30-day period for filing a notice of appeal does not begin to run, until a final judgment has been entered with respect to all parties.  See Fed. R. Civ. P. 54(b).  Thus, Murray's appeal was premature rather than late.  The district court entered a Rule 54(b) certification on July 26, 2001.  Accordingly, this Court has jurisdiction to hear the appeal.  See Lewis v. Goodrich, 850 F.2d 641, 645-46 (10th Cir. 1988)(jurisdiction exists where a party obtained a Rule 54(b) certification or a final judgment after the notice of appeal was filed).

court entered an order denying Murray's motion. Murray appealed. This Court dismissed Murray's appeal for lack of prosecution.

Defendant City of Tahlequah and Defendant Cherokee County Board of Commissioners subsequently filed separate summary judgment motions on April 26, 2001 and April 27, 2001, respectively. Murray's responses were due on May 11 and May 14. Murray filed a response to both motions on May 17, 2001. Based solely on Murray's failure to file a timely response, the district court entered a minute order granting Defendants' motions on May 16, 2001. Murray appeals.

## II.

This Court generally treats a district court's application of local rules to grant an uncontested summary judgment motion as a sanction, requiring application of the sanction analysis specified in Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988). See, e.g., Murray v. Achambo, 132 F.3d 609, 610 (10th Cir. 1998). In this case, the district court did not perform the sanction analysis, granting Defendants' summary judgment motions based solely on Murray's failure to file a timely response. Accordingly, the determinative issue on appeal is whether a district court can grant summary judgment pursuant to a local rule without making the determinations required by Fed. R. Civ. P. 56(c). We hold that it cannot.[2]

---

[2] Our resolution of this issue is governed by Reed v. Nellcor Puritan Bennett, ___ F.3d ___ (10th Cir. 2002), decided this same day, in which we set forth the analysis of this issue in more detail. Although the language of the respective local rules differs, both

(continued...)

A.

District courts are authorized to prescribe local procedural rules provided the rules are consistent with the Acts of Congress and the Federal Rules of Procedure. See 28 U.S.C. § 2071; Fed. R. Civ. P. 83. Eastern District of Oklahoma Local Rule 7.1(B) provides:

> A separate pleading in opposition or response to each motion, application, or objection shall be filed within fifteen (15) days, which includes three (3) days for mailing allowed by Rule 6(e), Federal Rules of Civil Procedure, after filing of such motion, application, or objection. . . . Any failure to comply with this paragraph will constitute a waiver of any objection by the noncomplying party, and the failure to comply will constitute a confession of the matters raised by the pleadings.

(emphasis added). By failing to file a response within the time specified, Murray waived the right to file a response and confesses all facts asserted and properly supported in the motion.[3] But district courts must construe and apply local rules in a manner consistent with Fed. R. Civ. P. 56. See Fed. R. Civ. P. 83. Under Rule 56(c), the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (quoting Fed.R.Civ.P. 56(c)) (emphasis

---

[2](...continued)
must be construed in a manner consistent with Fed. R. Civ. P. 56.

[3] Although we liberally construe pro se pleadings, Murray's pro se status does not relieve him of the obligation to comply with procedural rules. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

added).  Summary judgment is not proper merely because Murray failed to file a response.  Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its "initial responsibility" of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law.  Id.

Fed. R.Civ. P. 56(e) specifically contemplates the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(emphasis added).  As explained by the Supreme Court in Adickes v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1970), the burden on the nonmovant to respond arises only if the summary judgment motion is properly "supported" as required by Rule 56(c).  Accordingly, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c).  If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented."  Id. at 160 (quoting Fed. R. Civ. P. 56 advisory committee notes to the 1963 amendments) (emphasis added).  If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met

-6-

its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required." Id. at 161.

C.

By failing to file a response within the time specified by the local rule, Murray waived the right to file a response and confessed all facts asserted and properly supported in the summary judgment motion. But Murray's waiver did not relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c). Alternatively, the court can enter judgment as a sanction if warranted. See Reed v. Nellcor Puritan Bennett, ___ F.3d ___, ___ (10th Cir. 2002). While the facts of this case likely support the district court's entry of sanctions, the court did not consider the Meade factors and dismissed the action solely based on Murray's failure to comply with a local rule.

We reverse and remand with directions to vacate the May 16, 2001 minute order granting Defendants' summary judgment motions. We further instruct the court either to consider Defendants' motions to determine if Defendants met the initial burden of production under Fed. R. Civ. P. 56(c), or to set forth an analysis of the Meade factors supporting the court's entry of judgment as a sanction. The court need not permit Murray to file a response as, pursuant to local rules, Murray waived that right.

REVERSED AND REMANDED WITH INSTRUCTIONS.