**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDALL WILLIAMS,

        Plaintiff - Appellant,

v.

U HAUL COMPANY OF
COLORADO,

        Defendant - Appellee.

No. 02-1351
(D.C. No. 96-WY-1845-CB)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In August 1996, Mr. Randall Williams commenced a race discrimination

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

action against his former employer, U-Haul of Colorado, in federal district court. His claim was dismissed in January 1998, and this Court affirmed that dismissal in September the same year. In January 1999, the United States Supreme Court denied certiorari.

Despite the resolution of his case, Mr. Williams has continued to file various motions with the district court, all of which have been succinctly denied. The last sequence of events pertinent to this appeal is as follows: Mr. Williams filed a motion seeking relief from judgment in October 2000. A Minute Order, entered December 2001, permitted the parties to respond to that motion before hearing. After hearing, and by order entered January 23, 2002, the district court denied the request for relief and specifically required Mr. Williams to seek permission from the court before further filings would be accepted. No appeal was taken from that order. Subsequently, from May through June 2002, Mr. Williams filed four separate motions with the district court: 1) seeking permission to file more motions; 2) seeking relief from the court's January 2002 order; and 3-4) seeking to supplement the record. The district court denied all four motions by order dated July 15, 2002, and further entered an order instructing the clerk to accept no more motions filed by Mr. Williams.

This appeal was initiated by Mr. Williams on July 22, 2002. Because he is appearing pro se, we construe Mr. Williams's notice of appeal and his opening

brief liberally, bearing in mind that his pro se status "does not relieve him of the obligation to comply with procedural rules." *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). The issues on appeal, as we recast them, are three-fold.[1] First, Mr. Williams attempts to appeal from the district court's January 23, 2002, order. Second, he seeks sanctions against U-Haul for allegedly failing to comply with the district court's December 2001 Minute Order.[2] Last, he asks us to overturn the district court's July 15, 2002, order. Finding no merit in any of Mr. Williams's contentions, his appeal is dismissed for the reasons discussed below.

First, to the extent the July 22, 2002, notice of appeal seeks review of the January 23, 2002, order, it is untimely and this court lacks jurisdiction. Fed. R. App. P. 4.

Second, Mr. Williams seeks sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) for conduct allegedly occurring in the district court, but he failed to raise the issue there. As a general rule, we do not consider issues on appeal where the party did not first raise the issue before the district court. *Walker v.*

---

[1] The notice of appeal is inconsistent with Mr. Williams's opening brief. The notice of appeal expressly names the July 15, 2002, order as the only judgment for review. However, while poorly articulated, Mr. Williams's brief appears to request several other avenues of relief.

[2] Mr. Williams alleges that U-Haul was required to, but did not, file a brief with the district court prior to hearing his motion for relief from judgment in January 2002.

*Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). We find no exception to the general rule applicable, and we decline to consider this request for sanctions for the first time on appeal.[3]

Last, Mr. Williams appeals from the district court's order of July 15, 2002, which denied four separate motions.[4] The thrust of his appeal is that he is entitled to relief from the district court's order because he alleges U-Haul failed to provide him notice of change of its address.[5] What Mr. Williams refuses to acknowledge is that his race discrimination claim was fully adjudicated on January 11, 1999, when it was denied certiorari by the United States Supreme Court. U-Haul need not inform Mr. Williams of address changes occurring after the case terminated.

In sum, we find no merit in Mr. Williams's appeal. To the extent Mr. Williams seeks review of the district court's January 23, 2002, order, and to the

---

[3] Mr. Williams's request for sanctions is also untimely. "[A] Rule 37 motion for sanctions should be filed without unreasonable delay." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). Not only does Mr. Williams seek sanctions in the wrong court, his request comes more than six months after the alleged infraction—an unreasonable delay.

[4] Those four motions are: Motion Asking Permission from the Court to File Additional Motions; Motion Seeking Relief Under the Rules of Civil Procedure; and two Motions to Supplement the Record.

[5] Mr. Williams sent his motion for permission to file more motions by mail to U-Haul in May 2002. It was returned as undeliverable.

extent he requests sanctions, his appeal is dismissed for lack of jurisdiction.

Further, the district court's July 15, 2002 order denying all pending motions is

**AFFIRMED**.

The district court denied Appellant's motion to proceed *in forma pauperis*.

Appellant reapplied for *in forma pauperis* status with this Court. This appeal is

frivolous. Appellant's motion to proceed *in forma pauperis* on appeal is

**DENIED**. Mr. Williams must pay the appellate filing fee in this case. We direct

the Clerk of this Court to accept no other filings in this matter from Mr. Williams

without full payment of the filing fee.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge