**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS S. MAYES,

       Plaintiff-Appellant,

v.

JOHN E. POTTER, U.S. Postal
Service,

       Defendant-Appellee.

No. 07-1256
(D.C. No. 03-cv-386-BNB-PAC)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Mr. Thomas Mayes proceeds pro se and in forma pauperis in this court as
he did in the district court. He appeals from the district court's entry of judgment
on a jury verdict in favor of Mr. John E. Potter, Postmaster of the United States
Postal Service (hereafter referred to as "defendant" or the "Postal Service"), on

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mayes's claim of disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794. We affirm.

## I. Factual Background

Mr. Mayes began working for the Postal Service in 1985, primarily as a mail handler on the day shift at the General Mail Facility in Denver, Colorado. At the time relevant to this case, he had a temporary position as an acting supervisor in the Business Mail Entry Unit. On January 3, 2002, he met with his supervisor, Ms. Mona Tebeau, who criticized his performance as a supervisor. Mr. Mayes then took voluntary leave from January 5 to May 31, 2002, allegedly due to stress he experienced as a result of the meeting with Ms. Tebeau. When Mr. Mayes returned to work on May 31, his temporary supervisory position had ended, and he was assigned to work repairing damaged mail on the overnight shift. He eventually resigned on June 21, 2002, allegedly due to continued harassment by Ms. Tebeau.

While he was on leave, Mr. Mayes met with a counselor in the Postal Service's Equal Employment Opportunity (EEO) office and filed a complaint of employment discrimination with the Postal Service. The complaint's sole allegation concerned the January 3 meeting with Ms. Tebeau. Mr. Mayes wrote: "I was threatened, intimidated, belittled and treated with no dignity or respect. I am the only black male, religiously active, disabled supervisor (acting) working for Ms. Tebeau and the only one treated in this manner." R., Vol. I, Doc. 49,

-2-

Ex. 1 of Ex. A-3. The EEO dismissed the complaint on July 17, 2002, for failure to state a claim, and the Equal Employment Opportunity Commission's Office of Federal Operations affirmed the dismissal.

## II. Procedural History

Mr. Mayes filed this lawsuit on March 5, 2003. The parties consented to the jurisdiction of a magistrate judge, who construed Mr. Mayes's amended complaint as asserting four substantive claims: (1) discrimination based on sex and disability (tarsal tunnel syndrome, carpal tunnel syndrome, and a rotator cuff injury) arising from the January 3 "verbal assault," R., Vol. I, Doc. 19, unnumbered third page; (2) harassment via United States mail in the form of threatening correspondence while Mr. Mayes was in treatment for depression and anxiety allegedly caused by the January 3 meeting; (3) continued harassment via (a) false statements to the United States Department of Labor to prevent worker compensation payments to him and (b) reassignment to Ms. Tebeau, who then changed his shift and continued her harassment; and (4) constructive discharge because Mr. Mayes had resigned in order "to maintain [his] mental stability when no action was taken and the harassment continued," *id.*, unnumbered fourth page.

The parties filed a series of summary judgment motions. The district court granted summary judgment to defendant on the first claim, concluding that to the extent the claim concerned gender discrimination under Title VII, there was no evidence of an adverse employment action resulting from the January 3 meeting.

The court also construed the first claim as one of disability discrimination under the Rehabilitation Act and denied summary judgment to both parties. As to the second, third, and fourth claims, the district court concluded that it lacked subject matter jurisdiction because Mr. Mayes had failed to exhaust his administrative remedies; his single administrative claim concerned only the January 3 meeting, not any of the later allegations of discrimination.

Mr. Mayes filed a motion for reconsideration of the order granting summary judgment to defendant on the second, third, and fourth claims, arguing that he had exhausted his administrative remedies because the later instances of discrimination and harassment were not separate and discrete acts but were reasonably related to the alleged conduct complained of in his administrative charge. The court treated the motion as one filed under Fed. R. Civ. P. 60(b) and denied it on the ground that Mr. Mayes could have presented his argument at the time he filed his summary-judgment response but failed to do so.

The case proceeded to a jury trial solely on the Rehabilitation Act claim, and the jury returned a verdict in favor of defendant. The court entered a judgment on May 18, 2007, listing its earlier rulings on two of defendant's summary judgment motions separately from its recitation of the jury's verdict, which was quoted directly from the Verdict Form.

III.  Appellate Jurisdiction

Mr. Mayes filed a timely notice of appeal on June 15, 2007, in which he specified that he was appealing from the "Jury Verdict of 'No', Plaintiff did not prove he was discriminated against because of his Disability."  R., Vol. II, Doc. 103.  In his appellate brief, he raised two issues, that the district court erred by (1) denying his Rule 60(b) motion with respect to the grant of summary judgment to the Postal Service on his false-statement claim (claim three) and his constructive discharge claim (claim four), and (2) denying the jury's request to see a transcript of an audio recording of the January 3 meeting and refusing to give a jury instruction, regarding transcripts generally, that Mr. Mayes allegedly proposed.

Defendant first maintains that because the timely notice of appeal identifies only the jury's verdict as the subject of the appeal, and because Mr. Mayes's brief was filed beyond the time permitted for filing a notice of appeal, this court lacks jurisdiction to consider Mr. Mayes's first claim of error concerning his Rule 60(b) motion.  We agree.

"Although we liberally construe pro se pleadings" and other papers, Mr. Mayes's "pro se status does not relieve him of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).  Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires a notice of appeal to "designate the judgment, order, or part thereof

being appealed." "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). It is true that "a notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994) (quotation omitted). But in his notice of appeal, Mr. Mayes did not name the final judgment. Instead, he designated only the jury's verdict, which was a discrete component of the final judgment, and he did not designate the court's interlocutory ruling on his Rule 60(b) motion. Thus, the notice of appeal does not meet Rule 3(c)(1)(B)'s requirements as to the district court's order denying the Rule 60(b) motion.

A formal notice of appeal, however, is not the only document that can confer appellate jurisdiction; a document such as a motion to proceed on appeal without prepayment of fees (IFP motion), *see Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007), or an appellate brief, *see Smith*, 502 U.S. at 249, can serve as the functional equivalent of a notice of appeal if it is "filed within the time specified by Rule 4 [of the Federal Rules of Appellate Procedure and] gives the notice required by Rule 3," *Smith*, 502 U.S. at 248-49. Mr. Mayes filed both an IFP motion and an opening brief, but his IFP motion identified only the transcript-and-jury-instruction issue, and his brief was filed on August 24, 2007, more than sixty days after the district court's May 18 judgment and thus untimely

if treated as a notice of appeal.  *See* Fed. R. App. P. 4(a)(1)(B) (establishing sixty-day deadline for filing of notice of appeal when an officer of the United States is a party).  Thus, neither document can serve as a notice of appeal from the district court's interlocutory order denying Mr. Mayes's Rule 60(b) motion.  Our jurisdiction under 28 U.S.C. § 1291, therefore, extends only to Mr. Mayes's appeal from the district court's entry of judgment on the jury's verdict.

## IV.  Merits

As to the sole issue over which we have jurisdiction, Mr. Mayes argues only that "[d]efendant presented no argument as to the authenticity of the recording and therefore had no grounds for withholding the transcript of the recording in that the transcript was not presented as evidence.  Jury should have been provided with the requested transcript along with the instruction[.]"  Aplt. Br. at 3.[1]

---

[1]    According to Mr. Mayes, he proposed the following jury instruction:

> You will be given a transcript to use as a guide to help you follow as you listen to the recording.  The transcript is not evidence of what was actually said or who said it.  It is up to you to decide whether the transcript correctly reflect[s] what was said and who said it.  If you notice any difference between what you heard on the recordings and what you read in the transcript, you must rely on what you heard, not what you read.  And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

Aplt. Br. at 3.

In response, defendant argues that the record is insufficient for our review because there is no indication that a transcript of the audio recording ever existed and no documentation of Mr. Mayes's proposed jury instruction. We agree with the latter point,[2] but the record contains what appears to be a transcript of the recording attached to Mr. Mayes's response to defendant's first summary judgment motion, *see* R., Vol. I, Doc. 34, seventh unlabeled attach. It is unclear whether this transcript is authentic, accurate, or otherwise admissible under the Federal Rules of Evidence. But as we explain, we need not resolve these matters.

Whether to admit a transcript of a recorded conversation lies within the sound discretion of the trial court. *See United States v. Devous*, 764 F.2d 1349, 1354 (10th Cir. 1985). It appears from the courtroom minutes that the district court orally denied the jury's request to see a transcript of the audio recording. *See* R., Vol. II, Doc. 97 at 1. Thus, a trial transcript containing the district court's oral ruling is necessary for appellate review of the court's discretionary decision. In its order granting Mr. Mayes leave to proceed in forma pauperis (IFP) on appeal, the district court specifically ordered the court reporter to "prepare for inclusion in the record on appeal an original and one copy of the reporter's transcript of the record of proceedings, *if ordered by plaintiff*," and that

---

[2] The record contains Defendant's Objections to Plaintiff's Proposed Jury Instructions, R., Vol. II, Doc. 90, but not the proposed instructions, and our review of the district court's docket sheet shows no entry for Mr. Mayes's proposed instructions such that we might take judicial notice of them.

the fee would be paid by the United States. R., Vol. II, Doc. 110 (emphasis added); *see also* 28 U.S.C. § 753(f) (obligating United States to pay for transcript furnished to appellant proceeding IFP on appeal). Mr. Mayes never ordered a transcript, as is his duty as the appellant. *See* Fed. R. App. P. 10(b)(1); *see also* 10th Cir. R. 10.1(A)(1) ("The appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal.").

"An appellant's failure to provide a necessary transcript entails more than mere noncompliance with some useful but nonessential procedural admonition; it raises an effective barrier to informed, substantive appellate review." *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999) (quotations omitted). Thus, we have held "on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm." *Id.* (quotation omitted). Because Mr. Mayes failed to provide the necessary trial transcript, we affirm the district court's denial of the jury's request to see the transcript of the audio recording of the January 3 meeting due to an inadequate record.[3] Consequently, whether or not the court

---

[3] Even if we could overlook Mr. Mayes's procedural missteps regarding the trial transcript, his substantive argument regarding the transcript of the audio recording appears to focus on the fact that the defendant did not introduce a transcript of that recording into evidence. Even if a proper transcript existed, he has not suggested a reason why the court should have granted the jury's request

(continued...)

erred in failing to give the jury instruction that Mr. Mayes allegedly proposed is moot.

V.

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3](...continued)
to see that transcript. Accordingly, we conclude in the alternative that Mr. Mayes's argument is inadequate and therefore the issue is waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).