**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FLORENCE VIANZON,

      Plaintiff-Appellant,

v.

CITY OF AURORA,

      Defendant-Appellee.

No. 09-1434
(D.C. No. 1:06-CV-01510-WYD-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Florence Vianzon and two other plaintiffs brought an action seeking a

declaratory judgment that the City of Aurora, Colorado (City) had violated the

United States Constitution by passing a law that regulated the ownership of

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certain dog breeds within the City.[1]  After winnowing plaintiffs' claims through the summary judgment process, the district court conducted a three-day bench trial on the remaining claims, which charged violations of substantive due process, equal protection and the Takings Clause.  Afterwards it entered findings of fact and conclusions of law, in which it found "ample evidence . . . to establish a rational relationship between the City's ordinance regulating the possession of pit bulls and other restricted breeds and the City's undisputed legitimate interest in protecting the health and safety of the City's residents."  Aplt. App., Vol. 2 at 222.  The district court then entered judgment in favor of the City, from which Vianzon has filed this pro se appeal.

## ANALYSIS

The City urges us to affirm the challenged judgment summarily, for two reasons.  First, it argues, Vianzon failed to move for judgment as a matter of law at the close of all the evidence and she is therefore barred from challenging the sufficiency of the evidence to support the district court's conclusions.  Because all of Vianzon's challenges relate to sufficiency of the evidence, the City contends, none of her issues should be considered.

This argument fails.  While it is true that an appellant who wishes to challenge the sufficiency of the evidence to support a jury's verdict must ordinarily move for judgment as a matter of law under Fed. R. Civ. P. 50(a), the

---

[1]     The two other plaintiffs are not part of this appeal.

same rule does not apply to bench trials. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1078 n.3 (10th Cir. 2009). Where as here the challenged judgment results from a trial to the court, a party "may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings." Fed. R. Civ. P. 52(a)(5). Therefore, Vianzon's arguments were not waived by her failure to file a Rule 50(a) motion. *See Creative Consumer Concepts*, 563 F.3d at 1078 n.3.

The City's other challenge, however, has more merit. The district court entered extensive factual findings in support of its conclusions. Vianzon's arguments on appeal rely on challenges to these findings. "The appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). Although we liberally construe her pro se filings, Vianzon's pro se status does not exempt her from following these procedural rules or from providing an adequate transcript. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002); *Nielsen v. Price*, 17

F.3d 1276, 1277 (10th Cir. 1994); 10th Cir. R. 11.2(A) (stating that in pro se cases, district court clerk sends only transcripts that have been filed for appeal).

Vianzon has failed to supply us with anything approaching a complete or adequate transcript of the trial proceedings. This being the case, we cannot consider any issues she raises that turn on or relate to the evidence presented at trial.[2] Moreover, taking the district court's factual findings as true, as we must given the significantly incomplete record, the evidence the court cited supports its legal conclusion that the challenged ordinance bears a rational basis to a legitimate government objective. *See, e.g., Powers v. Harris*, 379 F.3d 1208, 1216-17 (10th Cir. 2004) (setting out deferential analysis applicable to legislative judgments under rational basis analysis).

Construing Vianzon's briefs liberally, we do perceive one argument, sufficiently developed for our review, that does not turn on a challenge to the district court's factual findings. Vianzon argues that the district court ignored the exhibits she presented at trial. Specifically, she contends that the court cannot have considered her exhibits because it returned custody of the exhibits to the parties on the last day of trial, after announcing its oral decision but prior to entry

---

[2] The Courtroom Minutes, which are present in the record, indicate that the following witnesses testified during the course of the trial: for the plaintiffs, Florence Vianzon Sasek, Glen Louis Bui, Debra Phyllis Merkle, Debbie Stafford, Pam Alford, James W. Crosby, and Roger Patton Andreason; and for the defense, Cheryl Conway and Rita Grable. The record contains transcripts of only the testimony of Bui and Crosby.

of its written findings and conclusions.  Apparently, Vianzon believes the district court should have given further review to the exhibits after the evidence was closed but before announcing a decision, as when a jury considers exhibits during its deliberations.  We are unwilling to assume, particularly in light of the district court's extensive findings, that it failed to give adequate consideration to the evidence.  Moreover, even if we did conclude that an error occurred, which we do not, in light of Vianzon's failure to present an adequate record we would have no way of determining whether the alleged failure to consider evidence resulted in prejudice justifying a new trial or other relief.[3]

The judgment of the district court is therefore AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3]    Vianzon also argues that Aurora's ordinance violates Colo. Rev. Stat. § 18-9-204.5(5)(a), prohibiting municipalities from adopting breed-specific regulation of dangerous dogs.  In the district court, she did not contest Aurora's ability, as a home rule city, to enact such an ordinance.  *See* Plaintiffs' Proposed Findings of Fact and Conclusions of Law, Aplt. App., Vol. II, at 125 (proposing a finding that Aurora's ordinance was "only possible [because Aurora] has 'home rule' since the Colorado Legislature passed a law against breed specific dog ordinances in 2004.").  In light of this concession, we will not consider any argument that the Aurora ordinance facially violates the Colorado statute.  To the extent she argues that the Colorado statute raises the bar for the rational basis test, her argument is also barred because she has not provided an adequate transcript sufficient for appellate review of the rational basis issue.