**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LeROY DAVIS,

Plaintiff - Appellant,

v.

HUDSON REFINERY, individually
and as a public service municipal
corporation adjunct and political
subdivision of Payne County, Cushing,
Oklahoma; and THE CITY
COMMISSION, a municipal
corporation adjunct and political
subdivision of Payne County, Cushing,
Oklahoma,

Defendants - Appellees.

No. 12-6169

(W.D. Oklahoma)

(D.C. No. 5:11-CV-00916-HE)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Anthony Leroy Davis, appeals the dismissal of his action under 42 U.S.C. §§ 1983 and 1985 against Hudson Refinery and the City Commission of Cushing, Oklahoma. For the following reasons, we affirm.

### BACKGROUND

Mr. Davis is, and has been throughout this legal action, a prisoner in the Kansas State correctional facility in Lansing, Kansas. On October 27, 2011, he filed a complaint, allegedly on behalf of the estates of various relatives, Varnell, Lucille, Laveren O. and Josie Mae Davis (the "Davis Estates" or the "Davis Group"), asserting that Cushing had conspired with Hudson to violate the civil rights of the Davis Group on the basis of their race as African-Americans. More particularly, he claimed that Cushing and Hudson agreed, from 1920 until 2010, to dispose of toxic waste in the city of Cushing, in particular damaging the residential property at 1318 N. Cleveland, which at least one of the Davis Group (Josie Mae) owned when she died of cancer on February 11, 2010.

Claiming to act as executor for the Davis Estates, Mr. Davis alleged Cushing and Hudson were liable under 42 U.S.C. §§ 1983 and 1985 for violating the Eighth and Fourteenth Amendments by damaging property, causing the

"wrongful death" of Josie Mae Davis, and treating the Davis Group unequally because of their race.[1]

Cushing[2] moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), (5) and (6), arguing: (1) Mr. Davis failed to show he had prudential standing to sue on behalf of the Davis Estates and he failed to plead any claims on his own behalf; (2) Cushing had not been properly served; and (3) Mr. Davis failed to state plausible claims for relief under the Eighth and Fourteenth Amendments. Mr. Davis filed a response, in which he simply asserted he had standing.

On March 20, 2012, the district court filed an order addressing Cushing's motion to dismiss. In it, the court noted that Mr. Davis had failed to establish that he had standing, and he also did not assert claims on his own behalf, but, in view of his *pro se* status, the court gave Mr. Davis permission to "demonstrate he has standing." Order at 3, R. Vol. 1 at 276. The court did not address Cushing's other arguments in its motion to dismiss, given the dispositive nature of the standing question.

---

[1]Mr. Davis alleged in his complaint that there was diversity of citizenship. He also, however, alleged violations of the civil rights laws. He further claimed that the Cushing City Commission was "legally responsible for the overall operation of Hudson Refinery." Amended Compl. at 2, R. Vol. 1 at 26. Hudson ceased operation in 1982, and its owners filed for bankruptcy in 1984.

[2]The district court *sua sponte* dismissed Hudson from the case for failure to state a claim. On appeal, only Cushing has filed a brief. We thus refer throughout primarily to Cushing, with respect to appellate arguments.

On April 30, 2012, Mr. Davis filed a motion to amend his complaint and a supplemental pleading, averring that his standing stemmed from his "familial relationship to his mother, Lavern O. Davis, daughter to Varnell and Lucille Davis" and to his aunt, Josie Mae Davis. He further claimed he had been deprived of his right to "familial association." Mr. Davis alleged that: "Defendants did intend to interfere directly or indirectly with Plaintiff's familial relationship. Defendants [are] found to have the requisite criminal mental state despite being deliberately ignorant of some of the alleged facts surrounding this crime, 'Deliberate indifference . . . by agreeing' to run its toxic-creek on plaintiff property deprives plaintiff of the protected . . . freedom of intimate association." Mot. to Amend Compl. at 2, R. Vol. 1 at 289.

In response to this motion, Cushing argued that Mr. Davis still failed to show that he had standing to sue on behalf of the Davis Estates, and that his familial association claim was conclusory. The district court agreed and, in an order dated May 15, 2012, dismissed Mr. Davis's claims without prejudice. The court stated that:

> While plaintiff's desire to seek relief on behalf of his relatives is understandable, the fact that he is related to his mother, grandparents and aunt is not enough, as a matter of law, to allow him to pursue the decedents' claims. Plaintiff has not shown he has the authority or standing to assert claims on behalf of his relatives' estates. Those claims, therefore, will be dismissed.
>
> Plaintiff has also failed to plead facts sufficient to state a claim for a violation of the fundamental right of familial association . . .

-4-

[because] he has not "include[d] enough <u>facts</u> to state a claim to relief that is plausible on its face."

Order at 2, R. Vol. 1 at 301 (quoting <u>Corder v. Lewis Palmer Sch. Dist. No. 38</u>, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotations omitted)). The court also determined that any amendment of Mr. Davis's complaint would be futile.

Mr. Davis filed a number of post-judgment motions for relief, including a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. The district court denied each motion, and directed Mr. Davis to appeal to this court if he wished to pursue the matter further. This appeal followed.

## DISCUSSION

"An appeal from the denial of a . . . Rule 59(e) motion permits consideration of the merits of the underlying judgment." <u>Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Reg. Systems, Inc.</u>, 680 F.3d 1194, 1200 (10th Cir. 2011). Because the district court also denied Mr. Davis leave to further amend his complaint, we review that decision for an abuse of discretion. <u>See Cohen v. Longshore</u>, 621 F.3d 1311, 1312 (10th Cir. 2010). When that denial "is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." <u>Id.</u> at 1314 (further quotation omitted).

We agree with the district court that Mr. Davis failed to establish his standing to bring this action on behalf of the Davis Estates. "For federal courts to have jurisdiction over an action, 'the party bringing the suit must establish standing.'" The Wilderness Soc'y v. Kane Cnty., 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (quoting Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)). All parties agree that the standing question in this case involves prudential standing, which "encompasses various limitations, including 'the general prohibition on a litigant's raising another person's legal rights.'" Id. (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

Mr. Davis purported to bring this action as the executor of the Davis Estates. As the district court found, however, Mr. Davis never established that he was, in fact, the executor of those estates, or was in any other way authorized to represent the Davis Estates. And he never asserted any claim on his own behalf, except for his claim that Cushing interfered with his familial relationships, an issue which we address below. Those failures are fatal to his standing claim.

We also agree with the district court that Mr. Davis failed to provide anything more than a conclusory allegation that Cushing intentionally or knowingly interfered with his familial relationships. Although Mr. Davis is *pro se*, we cannot excuse him from the obligation to comply with the basic rules of pleading. See Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

**CONCLUSION**

For the foregoing reasons, we AFFIRM the decision of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge