FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VELMA UNDERWOOD,

      Plaintiff-Appellant,

v.

THE GEO GROUP, INC., a Florida
corporation,

      Defendant-Appellee.

No. 12-1148
(D.C. No. 1:10-CV-00306-LTB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Velma Underwood was employed by The GEO Group, Inc. (GEO) as a

detention officer at the ICE Processing Center in Aurora, Colorado.  GEO terminated

her employment in 2008.  Represented by counsel, Ms. Underwood sued in the

United States District Court of Colorado for unlawful employment practices.  The

district court granted summary judgment in favor of GEO on Ms. Underwood's

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

federal claims under 42 U.S.C. §§ 1981 & 2000e-5 for a racially hostile work environment, discriminatory termination, discrimination in failure to promote, and her state law claims for wrongful termination and outrageous conduct.

Ms. Underwood proceeded to trial on her claims for discrimination in the terms and conditions of her employment, retaliation, and violations of the Family Medical Leave Act (FMLA). At the conclusion of Ms. Underwood's case-in-chief, the trial court granted GEO's motion for judgment under Rule 50 of the Federal Rules of Civil Procedure on Ms. Underwood's claim for discrimination in the terms and conditions of her employment. Her claims for retaliation and violation of FMLA were submitted to the jury, which returned a verdict in favor of GEO. Ms. Underwood has filed a pro se appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Ms. Underwood raises three issues: (1) whether the magistrate judge erred in denying a motion to compel; (2) whether the district court erred in limiting certain trial testimony and excluding some of her trial exhibits; and (3) whether the district court erred in excluding her expert witness. But Ms. Underwood has not provided the trial or hearing transcripts that contain the reasons for the rulings. *See* Fed. R. App. P. 10(b); 10th Cir. R. 10.1(A)(1) (requiring appellant to provide the transcripts or portions thereof necessary to resolve the issues raised on appeal). Although we liberally construe pro se filings, Ms. Underwood's pro se status does not exempt her from following procedural rules. *See Murray v.*

*City of Tahlequah*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002).  "[Because] the record is insufficient to permit review we must affirm."  *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

The judgment of the district court is affirmed.  Ms. Underwood's motion to proceed *in forma pauperis* is denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge