FILED
United States Court of Appeals
Tenth Circuit

March 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHLEEN CHYTKA,

      Plaintiff - Appellant,

v.

WRIGHT TREE SERVICE, INC.,

      Defendant - Appellee.

No. 14-1368
(D.C. No. 1:11-CV-00968-REB-KMT)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Kathleen Chytka, a female over the age of 40 proceeding pro se, appeals the

district court's entry of judgment in favor of her former employer, Wright Tree

Service, Inc. (WTS), on her claims of age and gender discrimination and hostile work

environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and

the Age Discrimination in Employment Act (ADEA).  She also asserted violations of

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Equal Pay Act (EPA), the Fair Labor Standards Act (FLSA), and the Employee Retirement Income Security Act (ERISA). In addition, she asserted state-law claims of promissory estoppel and unjust enrichment, and violations of various constitutional rights. We affirm.

## I. Background

WTC employed Chytka as a Job Planner from September 1999 until July 6, 2009, when it terminated her employment. Chytka's job duties included making arrangements with homeowners and businesses for WTS to clear trees and vegetation from utility and mechanical lines, among other services. Xcel Energy (Xcel), a major customer of WTS, provided electricity and natural gas to over 150 communities in Colorado. Chytka worked closely with Xcel supervisors in arranging to provide WTS services for Xcel and its customers.

In 2007, Xcel supervisor Adam Pena became WTS's contact. Chytka's job required her to work with Pena. In April 2009, Pena complained to WTS about Chytka's failure to notify homeowners that WTS would be trimming vegetation on their property at Xcel's request. On June 9, June 30, and July 3, 2009, Pena lodged additional complaints about Chytka's job performance. In view of the complaints from its largest customer, WTS decided to discharge Chytka.

As part of their compensation, WTS employees were eligible to participate in a company stock ownership plan (Plan), governed by ERISA. The Plan provided that Chytka could obtain her vested account balance five years after leaving her

employment with WTS. Chytka alleged she and WTS entered into an employment agreement whereby WTS promised not to discriminate or retaliate against her on the basis of gender or age.

After receiving a right-to-sue letter from the EEOC, Chytka filed this action. Following discovery, WTS moved for summary judgment. A magistrate judge recommended granting summary judgment on all but one of Chytka's claims and the district court adopted that recommendation. The remaining claim—gender discrimination based on WTS's failure to train Chytka to climb, trim, and remove trees—proceeded to jury trial. After Chytka presented her evidence, WTS moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. The district court granted the motion and entered judgment in favor of WTS. Chytka appeals all rulings of the district court. In addition, she seeks relief based on a right to counsel, several constitutional amendments, and judicial bias.

## II. Summary Judgment

We first consider Chytka's challenges to the summary judgment entered on all but one of her claims. "A grant of summary judgment must be affirmed if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (internal quotation marks omitted). Although "[w]e consider the evidence in the light most favorable to the non-moving party, . . . unsupported

conclusory allegations do not create a genuine issue of fact." *Id.* (internal quotation marks omitted).

We analyze Chytka's discrimination claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, it is Chytka's initial burden to establish a prima facie case of discrimination. Once she does so, the burden shifts to WTS to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Lobato v. N.M. Envtl. Dep't*, 733 F.3d 1283, 1288 (10th Cir. 2013). If WTS makes the required showing, the burden returns to Chytka to show a genuine dispute about whether the proffered explanation was pretext for discrimination. *Id.* at 1289.

We liberally construe Chytka's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we don't assume responsibility to serve as the litigant's counsel by constructing arguments or searching the record. *Garrett*, 425 F.3d at 840. And we repeatedly reiterate that pro se parties must follow the same rules of procedure governing other litigants. *Id.*

The district court first dismissed Chytka's age and gender discrimination claims based on WTS's failure to promote her to the position of Operations Manager, concluding she failed to exhaust administrative remedies on those claims. The court granted summary judgment on Chytka's claim that WTS discriminated against her on the bases of gender and age by failing to promote her to the position of General

- 4 -

Foreman and by discharging her. The court concluded she failed to present a prima facie case on the promotion claim because it was undisputed she lacked the qualifications for that position. Regarding her discharge claim, the court rejected Chytka's conclusory claim that she received different treatment than male employees and concluded she failed to present a genuine issue of fact as to pretext. The district court also granted summary judgment on Chytka's hostile work environment claim, finding the evidence insufficient to create a triable issue of fact as to the existence of a hostile work environment due to gender or age.

Further, the district court granted WTS summary judgment on Chytka's EPA and FLSA claims, finding she presented insufficient evidence to resist summary judgment on those claims. Next, noting Chytka's failure to provide evidence she exhausted her administrative remedies on her ERISA claim, the court granted summary judgment against her on that claim. Finally, the court granted WTS summary judgment on Chytka's state-law claims, holding federal law preempted her unjust-enrichment claim, and the alleged agreement not to discriminate was not enforceable under a promissory-estoppel theory.

On appeal, Chytka fails to assert any argument as to how the district court erred, either in finding no disputed issues of material fact or in applying the law. Rather, her rambling and repetitive briefs assert general claims of unfairness and discrimination. Although we construe her pro se filings liberally, the failure to "advanc[e] [any] reasoned argument as to the grounds for the appeal," is

insufficient appellate argument. *Am. Airlines v. Christensen,* 967 F.2d 410, 415 n.8 (10th Cir. 1992); *accord Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (finding appellant's suggestion that the trial court erred to be insufficient appellate argument absent any reasoned argument as to the grounds for the appeal); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (internal quotation marks omitted)). Accordingly, we affirm the district court's grant of summary judgment to WTS on all but one of Chytka's claims.

## III.  Jury Trial on Failure-to-Train Claim

At the close of Chytka's evidence, the district court granted WTS's motion for judgment as a matter of law under Rule 50(a) on Chytka's claim that WTS discriminated against her based on her gender by failing to train her to climb, trim, and remove trees. Chytka contends the district court erred because she proved she would have had to take a pay cut to receive the desired training, the district court would not allow her to present her witnesses and exhibits and unfairly restricted her cross-examination of WTS's witnesses, she did not receive copies of WTS's exhibits until shortly before trial, and her evidence was sufficient to resist the Rule 50(a) motion.

Chytka's failure to provide this court with a trial transcript precludes review of her challenge to the judgment as a matter of law. "If the appellant intends to urge on

appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2); *see also* Fed. R. App. P. 11(b) (indicating that appellant must order necessary transcripts); 10th Cir. R. 10.1(A)(1) (stating appellant has the duty to provide all necessary transcripts related to the issues on appeal). Although Chytka asserts in her reply brief that the court clerk informed her the court would obtain the transcript, the rules specify the appellant must arrange for necessary transcripts. Fed. R. App. P. 10(b)(2); *cf.* 10th Cir. R. 11.2(A) (stating that in pro se appeal district court will forward the record to the circuit clerk). Her pro se status does not exempt her from following the rules or from providing an adequate transcript. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); 10th Cir. R. 11.2(A) (stating that in pro se cases, district court sends only the transcripts that have been filed for appeal). The absence of a "transcript leaves us with no alternative but to affirm." *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999) (internal quotation marks omitted).

## IV.    Remaining Arguments

Chytka repeatedly asserts in conclusory fashion that she was not allowed discovery but she fails to identify any objectionable discovery orders, explain why any orders were improper or how she was prejudiced by any discovery order.  Again, it's not this court's role to sift through the record searching for evidence supporting Chytka's claims, and we deny relief on this argument.  *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (declining to search record for support for plaintiffs' contention).

We also reject Chytka's assertion that she was entitled to attorney representation throughout the trial.  A civil litigant such as Chytka does not have a Sixth Amendment right to counsel.  *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  Similarly, Chytka has not shown a violation of any other constitutional right.

To the extent Chytka pursues claims for breach of contract, disparate impact, and quid-pro-quo harassment, she fails to indicate whether she presented these claims in the district court, and our review of her amended complaint indicates she failed to do so.  Therefore, we do not consider these claims raised for the first time on appeal.  *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

Chytka's claims of judicial bias also fail since her complaints about the magistrate judge and the district court are limited to adverse rulings. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("Adverse rulings alone do not demonstrate judicial bias.").

**V.      Chytka's Motion to Supplement the Record on Appeal**

Finally, Chytka has filed a motion to supplement the appellate record with an extensive list of documents filed in the district court. In addition, she requests supplementation of the record with documents that may not have been filed with the district court, such as settlement correspondence, discovery responses, and a binder of unspecified exhibits. All documents filed in the district court are part of the record available for our review. Fed. R. App. P. 10(a). Documents regarding settlement negotiations are not admissible "either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). As for the requested discovery, Chytka has not attempted to explain its relevance. Further, without the trial transcript, we cannot review any alleged trial errors. Accordingly, we deny as moot Chytka's motion to supplement the record as to the documents in the record, and otherwise we deny the motion as it fails to present the "rare exception" to Fed. R. App. P. 10(e). *See United States v. Kennedy*, 225 F.3d 1187, 1191-92 (10th Cir. 2000) (explaining generally record cannot be supplemented with documents not filed with the district court).

## VI.    Conclusion

The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge