**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY R. PIERCE,

        Plaintiff-Appellant,

  v.

JEROME AMARANTO, Sheriff and
DENNIS COOK, Chief of Police,

        Defendants-Appellees.

No. 07-7094

Eastern District of Oklahoma

(D.C. No. 05-CV-513-RAW-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Appellant Gary R. Pierce brought this prisoner civil rights action for

injuries he allegedly suffered during his arrest and while in custody at the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pittsburg County Jail in McAlester, Oklahoma.  The district court granted summary judgment in favor of two of the defendants and dismissed the action as frivolous with respect to the rest.  Mr. Pierce appeals, and we now affirm.

## I. BACKGROUND

Shortly past 11:00 PM on the night of December 17, 2003, the police department of Krebs, Oklahoma received a call reporting an individual screaming and taking his clothes off.  Patrolman James Holloway was dispatched, and after a brief search he found a maniacally raving, shirtless Gary Pierce in the back yard of a residence.  Mr. Pierce, a methamphetamine addict who was likely under the drug's influence at the time, had smashed the house's back door and ransacked the laundry room.  He ignored Patrolman Holloway's order to get down on the ground, so Holloway took him down with a technique called an arm bar.  According to Mr. Pierce, Patrolman Holloway or another officer also struck him over the head with a 14-inch flashlight.  Mr. Pierce was arrested on charges of first-degree burglary, breaking and entering, destruction of private property, and resisting arrest.  He subsequently pleaded guilty to the burglary charge, a felony, and was sentenced to twenty years' imprisonment with twelve years suspended.

After his arrest, Mr. Pierce was taken to the Pittsburg County Jail.  There, locked in an observation cell, he fell to the floor twice:  once by rolling off his bunk, then again while standing near the door.  After the first fall, he told jail

staff members Brandi Crenshaw and James Teafatiller that he was fine. After the second, he said he was fine but wished to be taken to the emergency room because his arm hurt. Patrolman Holloway took him to the hospital, where he was briefly treated, prescribed the antibiotic Keflex, and released back into custody. Medical records show that he had a 3-centimeter laceration on his scalp, a sprained elbow, and multiple abrasions. According to Mr. Pierce, jail staff subsequently denied him the antibiotic.

Mr. Pierce filed a federal complaint under 42 U.S.C. § 1983 on December 16, 2005, almost two years later. His allegations are hardly clear, but evidently Mr. Pierce complains of excessive force in the conduct of his arrest and of failure to provide adequate medical care during his stay at the Pittsburg County Jail. As defendants, Mr. Pierce named the Attorney General of Oklahoma, the sheriff and county commissioners of Pittsburg County, the chief of police of the City of Krebs, and fourteen John or Jane Does. The district court dismissed the action as to the Attorney General, and Mr. Pierce nonsuited the commissioners. The remaining named defendants, Sheriff Jerome Amaranto and Police Chief Dennis Cook, moved for summary judgment. While that motion was pending, Mr. Pierce, having learned the names of some of the officers involved in his arrest and jailing, sought to amend his complaint to substitute for four of the Doe defendants

Patrolman Holloway, Brandi Crenshaw, James Teafatiller, and a J.W. Young, who apparently assisted Patrolman Holloway in arresting Mr. Pierce.

On October 30, 2007, the district court granted summary judgment for Sheriff Amaranto and Chief Cook, denied Mr. Pierce's motion to amend, and dismissed the residue of the action as frivolous.

## II. DISCUSSION

We review the district court's grant of summary judgment *de novo*. *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1118 (10th Cir. 2008). We review its denial of Mr. Pierce's motion to amend the complaint for abuse of discretion. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007).

### A. Summary Judgment for Sheriff Amaranto and Chief Cook

Jerome Amaranto is the sheriff of Pittsburg County. He was not, as Mr. Pierce admits, in any way involved in arresting, injuring, or withholding medical treatment from Mr. Pierce. At a deposition, Mr. Pierce testified that he had sued Sheriff Amaranto simply because he was "the bosses" of the officers who allegedly injured him. Aplee's Supp. App. 61. The district court granted the sheriff's motion for summary judgment, finding no evidence to support a conclusion that he had participated in any of the injuries alleged in the complaint.

Section 1983 does not create a general *respondeat superior* liability for government officials. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, ___ F.3d ___, No. 06-2238, 2008 WL 1765018, at *12 (10th Cir. Apr. 18, 2008). Supervisory liability will lie only "where an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (internal quotation marks omitted).

On appeal, Mr. Pierce urges that "[t]he affirmative link do exists [*sic*] between the statutory and constitutional deprivations and Defendant Amaranto, for failure to supervise the john does and jane does, jailers," and that "Sheriff Amaranto, is responsible for the acts of the Jailers, . . . for the wrongful acts attributed to them while acting within the limits of their official authority." Aplt's Br. 2, 3. He also argues, though without specific reference to Sheriff Amaranto, that "[a] [m]aster or principal is liable for the tortuous [*sic*] acts of their servant's/agents [*sic*]." *Id.* at 5. To the extent Mr. Pierce asserts naked *respondeat superior* liability, his claim is clearly deficient. To the extent he argues Sheriff Amaranto's failure to supervise, he has not met his burden on summary judgment of putting forward evidence to support his assertions. It is not

-5-

enough for Mr. Pierce to show that jail staff injured him and that Sheriff Amaranto was their supervisor: supervisory liability here requires "deliberate indifference" to a known and excessive risk, and "even if a prison official has knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk." *Tafoya v. Salazar*, 516 F.3d 912, 916, 922 (10th Cir. 2008). Mr. Pierce offers no evidence—not even hypothesis or conjecture, as substitutes for evidence—to support any of this. Asked at his deposition whether he sued Sheriff Amaranto "just because he's a supervisor," Mr. Pierce replied, "I figure since he's the supervisor of [the jail] and he didn't—wasn't notified, how was he to know?" Dist. Dkt. Doc. 77, Exh. 7, at 46. Summary judgment for the sheriff was appropriate.

Dennis Cook is Chief of Police in Krebs. The district court granted summary judgment in his favor on much the same grounds as for Sheriff Amaranto. Mr. Pierce does not mention Chief Cook at all on appeal, except to say that he sent Chief Cook interrogatories and a request for production of documents and that Cook produced the jail's record of his injuries. We accordingly surmise that Mr. Pierce has abandoned his suit against Chief Cook.

## B. Motion to Amend

Mr. Pierce's complaint named fourteen John and Jane Does who were allegedly the officers involved in arresting him and denying him medical care in jail. He did not serve any of them with process when he filed the complaint, however, and twenty-one months went by before he sought to amend his complaint to name Patrolman Holloway, J.W. Young, Brandi Crenshaw, and James Teafatiller. By this time, the two-year statute of limitations on his claims was likewise twenty-one months past.[2] The district court held that this attempted amendment "amount[ed] to adding a new party" outside the limitation period and that it failed the requirements set forth in Rule 15(c) of the Federal Rules of Civil Procedure for relation back to the filing of the complaint. R., Doc. 94, at 8.[3] It accordingly denied the motion and dismissed whatever was left of the suit.

According to Mr. Pierce, his amendment should have been permitted either because Rule 15(b), not 15(c), controlled; or because of the liberal construction

_____

[2] The statute of limitations on a § 1983 claim is the statute of limitations provided by state law for ordinary personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Oklahoma, this is two years. Okla. Stat. tit. 12, § 95(A)(3); *see Kripp v. Luton*, 466 F.3d 1171, 1174 (10th Cir. 2006).

[3] An amendment to "change[] the party or the naming of the party against whom a claim is asserted" will not relate back unless, within the time allowed for serving the summons and complaint, the new party "(I) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir. 2004).

that courts should afford to pro se pleadings. However, Rule 15(b) governs *issues*, not *parties*, that were not raised in the pleadings, and so is inapplicable. And while it is true that courts construe a pro se plaintiff's filings liberally, "'[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Madduz & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see also Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). Rule 15(c), which exists to protect defendants from unfair prejudice caused by a plaintiff's tardiness in naming them, applies to pro se complaints as to any others. Denial of amendment was not an abuse of the district court's discretion.

## C. Other Issues

Next, Mr. Pierce states that summary judgment was inappropriate under Fed. R. Civ. P. 56(c), which specifies that a "motion [for summary judgment] must be served at least 10 days before the day set for the hearing," and provides that "[a]n opposing party may serve opposing affidavits before the hearing day." As best we can tell, Mr. Pierce is arguing that he did not have an opportunity to respond before summary judgment was granted, without a hearing, on October 30, 2007. But the record reflects that Sheriff Amaranto's and Chief Cook's motions to dismiss were both mailed to Mr. Pierce on the preceding September 7, seven

weeks prior. He elected to respond with a "Motion for Objection and Brief in Opposition to Motion for Summary Judgment," which was filed on September 24, and he did not request additional time for filing affidavits or for any other purpose.

Finally, Mr. Pierce argues that the district court violated Fed. R. Civ. P. 30(e), governing depositions, which provides: "On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Mr. Pierce refers us to his "Motion in Refute of Disposition [*sic*] and Request for Correction to be Entered Into Record," R., Doc. 80, in which he requested, without explanation, to strike a hundred or so scattered lines of text from his deposition taken July 24, 2007. The district court denied the motion. Even if Rule 30(e) were a proper basis for appealing a summary judgment, Mr. Pierce's Motion in Refute did not "list[] . . . the reasons for making" any changes to the deposition, and denial was proper.

## III. CONCLUSION

The judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED**. Appellant's "Motion of Objection and Brief in

Opposition" is not properly a motion and is therefore construed as a reply brief. Appellee Dennis Cook's motion to strike the reply brief, and Appellant's counter-motion to strike Appellee's motion to strike, are **DENIED** as moot. Appellant is reminded that he must continue making partial payments until the entire balance of his filing fee has been paid.

Entered for the Court,

Michael W. McConnell
Circuit Judge