**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL E. MCKINZY, SR.,

Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD,

Defendant-Appellee.

No. 09-3108
(D.C. No. 2:08-CV-02519-CM-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Plaintiff-Appellant Michael E. McKinzy, Sr., appearing pro se, appeals the

district court's order denying his motion for summary judgment and granting the

motion for summary judgment of defendant-appellee Union Pacific Railroad.

Mr. McKinzy, who proceeded pro se in the district court as well, brought a

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure-to-hire employment discrimination case against Union Pacific, filing his original complaint on October 20, 2008, and his amended complaint on November 12, 2008. Following Union Pacific's answer on December 9, 2008, a scheduling conference was set for January 27, 2008. On December 22, 2008, Mr. McKinzy filed a motion for summary judgment. Under D. Kan. R. 6.1(d)(2), Union Pacific's response was due twenty-three days later. But nine days after Mr. McKinzy filed his summary judgment motion, Union Pacific filed a motion asking that the court either deny Mr. McKinzy's motion without prejudice as premature or grant Union Pacific an extension of time until February 13, 2009, to file its response. Union Pacific first argued that it was simply too early in the proceedings for a summary judgment motion, noting that its response was due almost two weeks before the scheduling conference. It also argued that it should not be made to respond to the summary judgment motion without benefit of discovery. Mr. McKinzy filed a response to Union Pacific's motion, asserting that Union Pacific had already been provided with his qualifications for the employment positions he sought and that the company had deposed him in a previous case.

On January 14, 2009, the district court denied Union Pacific's motion in part and granted it in part. The court refused to deny Mr. McKinzy's motion as premature, but granted Union Pacific until February 13, 2009, to respond because no scheduling conference had been held and no discovery deadlines set.

On February 13, 2009, Union Pacific filed its response to Mr. McKinzy's motion and its own cross-motion for summary judgment. After Mr. McKinzy failed to timely respond to either the cross-motion for summary judgment or the court's subsequent order to show cause, the court entered an order denying Mr. McKinzy's summary judgment motion and granting Union Pacific's motion. Mr. McKinzy has appealed from this order and the accompanying judgment.

Mr. McKinzy argues on appeal that the district court erred in granting summary judgment to Union Pacific. But he does so in a round-about way. He does not attack the summary judgment ruling on its merits. Nor does he discuss the merits of the district court's ruling denying *his* motion for summary judgment. Instead, Mr. McKinzy's three-part argument is that (1) the district court erred when it granted Union Pacific an extension of time to respond to his summary judgment motion, (2) if the district court had properly denied the extension of time, Union Pacific would have been unable to file a timely response, and (3) without a timely response, the district court would have had to grant him summary judgment as a matter of law. There are flaws in all three parts of Mr. McKinzy's argument.

The first part of his argument is that the district court abused its discretion in granting Union Pacific an extension of time because Union Pacific's motion was not accompanied by an affidavit under Rule 56(f) of the Federal Rules of

Civil Procedure.[1] We cannot rule that the district court abused its discretion in extending the response deadline for a month on the basis of the lack of a Rule 56(f) affidavit, because the grounds given by the district court for granting the extension–that no scheduling conference had been held and no discovery deadlines had been set–were readily apparent from the docket sheet. Mr. McKinzy does not attack the merits of the ruling, simply that the request for continuance was unsupported by a Rule 56(f) affidavit.

But even if we were to assume that the district court abused its discretion, we would not reverse. The district court did grant an extension of time for Union Pacific to respond and Union Pacific complied with the district court's order. Mr. McKinzy's implicit assertion that Union Pacific would have failed to file a timely summary judgment absent an extension of time is pure speculation.

---

[1]    Rule 56(f) reads:

(f) **When Affidavits Are Unavailable**. If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

But even if we were to assume both that the district court erred in granting the extension *and* that Union Pacific would not have filed a timely response, we still would not reverse.  Mr. McKinzy's apparent belief that he would have automatically been entitled to summary judgment if Union Pacific had failed to file a timely response is simply incorrect.  Although D. Kan. R. 56.1(a) provides that all material facts set forth in the summary judgment statement of the movant are deemed admitted unless they are controverted by a statement of the opposing party, the district court still has to determine whether, under the facts alleged by the movant, the movant is entitled to judgment as a matter of law.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002) (holding that "[i]f the nonmoving party fails to respond, the district court may not grant the [summary judgment] motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law").  Here, as described by the district court, "[a]side from minor discrepancies, there is no material dispute as to the facts underlying this action," R., Doc. 29 at 3, and it is not readily apparent from Mr. McKinzy's complaint that, even if the factual allegations therein were accepted unconditionally, he would have been entitled to summary judgment as a matter of law.

Any one of the reasons discussed above would be sufficient to deny

Mr. McKinzy's appeal. Consequently, the judgment of the district court is

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge