FILED
United States Court of Appeals
Tenth Circuit

December 2, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL E. MCKINZY, SR.,

        Plaintiff-Appellant,

v.

NORFOLK SOUTHERN RAILROAD,

        Defendant-Appellee.

No. 09-3164
(D.C. No. 2:08-CV-02599-CM-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

Plaintiff-appellant Michael E. McKinzy, proceeding pro se, appeals the
district court's entry of summary judgment in favor of Norfolk Southern Railroad
on his claims of racial discrimination and retaliation brought under Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981.
Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The following facts are not in dispute. Norfolk Southern operates an on-line application system, under which prospective employees are invited to complete a single application questionnaire, which can then be used to apply for any job posted on the company's website. Between 2006 and 2008, McKinzy, a licensed journeyman electrician, used this on-line application process to apply for at least 75 jobs with Norfolk Southern. Although he applied for jobs throughout the country and indicated a willingness to relocate, he specified Illinois as his preferred location, explaining that he was planning a move to Chicago. McKinzy received rejection emails for the overwhelming majority of these positions. He did receive a handful of invitations to attend further "recruiting sessions," mainly for jobs in the northern Illinois area, but after he failed to attend these sessions, Norfolk Southern notified him that he was out of contention for these jobs. McKinzy filed two complaints with the Equal Employment Opportunity Commission (EEOC), accusing Norfolk Southern of refusing to hire him because he is African American. After the EEOC closed its file and issued a right-to-sue letter, McKinzy filed this action in the district court on December 2, 2008.

On January 12, 2009, before Norfolk Southern filed a responsive pleading, McKinzy moved for summary judgment. In an order dated January 30, the district court imposed a due date for Norfolk Southern's response and a stay of discovery pending its ruling on the motion. It explained that a stay was prudent

because the court had yet to hold a Rule 26(f) conference and because the case was likely to be resolved on cross-motions for summary judgment. The court specifically excluded from the stay, however, any discovery the defendant might seek under Fed. R. Civ. P. 56(f).[1]

On February 9, Norfolk Southern filed a motion requesting a preliminary deposition of McKinzy, arguing that, given the numerous jobs he had applied for, it was unclear which rejections he believed were motivated by unlawful discrimination. Norfolk Southern argued that it could not respond to McKinzy's motion or file a cross-motion without a brief deposition inquiring into the factual bases underlying McKinzy's claims. On February 18, over McKinzy's objection, a magistrate judge granted Norfolk Southern's request, reasoning that the case was likely to be decided on cross-motions for summary judgment and that the information sought would likely affect the resolution of such motions. The court found Norfolk Southern's request to be neither burdensome nor wasteful and reiterated that its previously imposed discovery stay did not apply to specific requests made under Rule 56(f). McKinzy fought this ruling in several motions for reconsideration, but on February 27, the district court judge issued an order overruling McKinzy's objections and ordering him to appear for his deposition,

---

[1]     Rule 56(f) provides in relevant part that "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken . . . ."

which he did in early March.  Norfolk Southern then filed a cross-motion for summary judgment, to which McKinzy never responded.

On June 12, the district court issued an order denying McKinzy's motion and entering summary judgment in favor of Norfolk Southern.  With respect to the discrimination claim, it concluded at the third step of the *McDonnell Douglas*[2] analysis that, even if McKinzy had established a prima facie case of discrimination, he had failed to demonstrate a triable issue as to whether Norfolk Southern's non-discriminatory reasons for not hiring him were pretextual.  Relying on the defendant's unrebutted documentary evidence, the court explained:

> Plaintiff's online applications were primarily rejected at a pre-screening stage–by screeners who did not have access to race information, or to plaintiff's EEOC charges–because the positions for which he applied were outside plaintiff's stated geographic preference, which was Chicago, Illinois, and his area of residence at the time, which was Country Club Hills, Illinois, just south of Chicago.  Defendant's uncontested motion establishes that defendant screens for candidates who live in the area of the vacancy. . . . [D]efendant declines applicants who have been invited to a recruiting session for a particular position and who do not attend.  On five occasions, plaintiff was invited to recruiting sessions for particular positions, . . . [but] failed to attend any of these sessions, and was therefore not considered for the positions.

R. Doc. 49 at 4-5.  Since McKinzy failed to contest these reasons for the decision not to hire him, the court concluded Norfolk Southern was entitled to judgment as a matter of law on the discrimination claim.  It went on to reject the retaliation claim at the first step of the *McDonnell Douglas* analysis, explaining that

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

McKinzy's bare assertion of a causal relationship between the defendant's hiring decisions and his EEOC complaints was insufficient to establish a prima facie case of retaliation. This appeal followed.

## II.

"We review the district court's grant of summary judgment *de novo* and must apply the same legal standard used by the district court." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007) (internal quotation marks omitted). Under this standard, we will affirm a grant of summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there [was] no genuine issue as to any material fact and that the movant [was] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A district court's discovery rulings, including the court's decision in this case to permit a limited deposition of the plaintiff, is reviewed for abuse of discretion. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008).

McKinzy's appeal largely neglects the merits of the district court's summary judgment decision and focuses instead on its discovery rulings. Affording his brief the solicitous construction due pro se filings, however, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we interpret his arguments broadly as a challenge to the court's findings that he failed to show pretext for discrimination or establish a prima facie case of retaliation. Only, McKinzy has no basis to make these challenges. Having failed to respond to

Norfolk Southern's summary judgment motion, McKinzy left the company's nondiscriminatory reasons for not hiring him completely unrebutted. Likewise, he failed to counter Norfolk Southern's evidence demonstrating that those responsible for rejecting his job applications were unaware of his EEOC complaints and thus without motivation to retaliate against him. We conclude this alone was sufficient to warrant summary judgment in favor of Norfolk Southern. *See Swackhammer*, 493 F.3d at 1169 (noting that summary judgment for the employer is appropriate when its nondiscriminatory explanations remain unrebutted).

As for the order granting Norfolk Southern a limited deposition, McKinzy's arguments with respect to this issue are downright frivolous. As the plaintiff in a discrimination lawsuit, McKinzy had no basis, either under the federal rules or the district court's previous orders, to resist Norfolk Southern's attempt to learn the basic facts underlying his claims. It goes without saying that a plaintiff cannot be permitted to thwart his opponent's ability to launch a defense by filing a summary judgment motion before the Rule 26(f) conference and then insisting that discovery in advance of the conference is premature. Furthermore, as we explained in McKinzy's last appeal, the district court does not abuse its discretion in granting a discovery request under Rule 56(f) without an affidavit where, as here, the grounds for the motion are self evident. *See McKinzy v. Union Pac. R.R.*, No. 09-3108, 2009 WL 3303699, at *2 (10th Cir. Oct. 15, 2009) (finding no

abuse of discretion in granting continuance where need was readily apparent from the docket sheet). It was the immediacy of McKinzy's motion that precluded Norfolk Southern from submitting evidence in response, a situation readily apparent from the docket sheet. As such the court acted well within its discretion in ordering McKinzy to appear for a deposition. The judgment of the district court is therefore AFFIRMED.

Norfolk Southern's motion for sanctions is DENIED, but we echo the district court's warning to McKinzy that he is perilously close to being deemed an abusive litigant. If he continues to appeal dismissals of frivolous discrimination lawsuits, he will be subject to sanctions under this court's inherent powers to control its docket. This may include, among other things, monetary sanctions, dismissal of his appeal, and future filing restrictions.

Entered for the Court

Deanell Reece Tacha
Circuit Judge