FILED
United States Court of Appeals
Tenth Circuit

February 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL E. MCKINZY, SR.,

　　　　Plaintiff-Appellant,

v.

KANSAS CITY POWER & LIGHT
COMPANY,

　　　　Defendant-Appellee.

No. 09-3241
(D.C. No. 2:09-CV-02070-CM-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

　　　　Pro se plaintiff Michael E. McKinzy, Sr., appeals from the district court's

order denying his motion for summary judgment and granting defendant Kansas

City Power & Light Company's motion for summary judgment in this

failure-to-hire discrimination lawsuit. We have jurisdiction under 28 U.S.C.

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1291, and we dismiss the appeal as frivolous.  We also impose filing restrictions on Mr. McKinzy.

Mr. McKinzy raises the same arguments we addressed in his two most recent appeals to this court.  *See McKinzy v. Norfolk S. R.R.*, No. 09-3164, 2009 WL 4298573, at *2-3 (10th Cir. Dec. 2, 2009) (rejecting arguments concerning the court's order granting defendant an extension of time to respond to his motion for summary judgment and denial of his motion for summary judgment); *McKinzy v. Union Pac. R.R.*, No. 09-3108, 2009 WL 3303699, at *2 (10th Cir. Oct. 15, 2009) (same).  In *Norfolk*, we cautioned Mr. McKinzy that "he is perilously close to being deemed an abusive litigant.  If he continues to appeal dismissals of frivolous discrimination lawsuits, he will be subject to sanctions under this court's inherent powers to control its docket.  This may include, among other things, . . . dismissal of his appeal, and future filing restrictions."  2009 WL 4298573 at *3.

"We have long recognized our inherent authority to dismiss an appeal presenting no arguably meritorious issue for our consideration."  *MacArthur v. San Juan County*, 495 F.3d 1157, 1161 (10th Cir. 2007) (quotation omitted).  Mr. McKinzy's appeal meets this standard.  Not only have we considered and rejected his arguments on two occasions within the last six months, Mr. McKinzy never mentions these decisions, and thus, makes no attempt to distinguish them.

Further, Mr. McKinzy's repeated filing of frivolous appeals justifies the imposition of restrictions against him in this court with respect to any future filings. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (holding "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth"). Thus, to proceed pro se in this court as an appellant or petitioner in an original proceeding, Mr. McKinzy must provide this court with:

1. A list of all appeals or original proceedings that he has filed against the defendant, whether currently pending or previously filed with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or original proceeding; and

2. A notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of Mr. McKinzy's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal or original proceeding is not interposed for any improper purpose, such as to needlessly increase the cost of the litigation, and that he will comply with all appellate and local rules of this court.

These filings shall be submitted to the Clerk of the court, who shall forward them for review to the Chief Judge or his designee, to determine whether to permit Mr. McKinzy to proceed with a pro se appeal or original proceeding. Without such authorization, the matter will be dismissed. If the Chief Judge or his designee authorizes the pro se appeal or original proceeding, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. McKinzy shall have ten days from the date of this order and judgment to file written objections, limited to fifteen pages, to these proposed filing restrictions. If Mr. McKinzy does not file timely objections, the filing restrictions shall take effect twenty days from the date of this order and judgment. If Mr. McKinzy does file timely objections, these filing restrictions shall not take effect unless the court rules against Mr. McKinzy on his objections, in which case these filing restrictions shall apply to any matter filed in this court after that ruling.

Kansas City Power & Light Company's request for attorney fees on appeal is DENIED for failure to file a separate motion. *See* Fed. R. App. P. 38 advisory committee's note (1994 amendments). Mr. McKinzy's appeal is DISMISSED. His objections, if any, to the proposed filing restrictions are due within TEN DAYS of the date of this order and judgment.

ENTERED FOR THE COURT
PER CURIAM

-4-